UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CHARLES R. BABINEAUX**              **CIVIL ACTION NO. 6:17-CV-1414**

**VS.**                               **SECTION P**

                                      **UNITED STATES DISTRICT JUDGE**

**W S McCAIN**                        **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Charles R. Babineaux, proceeding *in forma pauperis*, filed the instant Petitioner for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, on October 30, 2017. [Doc. 1]  He is incarcerated at the Raymond Laborde Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Petitioner was indicted by a Lafayette Parish Grand Jury on one charge of aggravated rape, in violation of La. R.S. 14:42, for a crime committed between June and September of 2005.  He was arrested on August 17, 2010.  On May 23, 2012, plaintiff withdrew his not guilty plea and entered a plea of guilty to one count of oral sexual battery, in violation of La. R.S. 14:43.3(C)(2). He was subsequently sentenced to a term of twenty-five years at hard

labor without benefit of parole, probation or suspension of sentence.

In 2005, the year the crime was committed, the law under the relevant statute stated, "Whoever commits the crime of oral sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than *ten years*." La. R.S. 14:43(C) as last amended by 2001 La. Acts. No. 301 §1. Petitioner was sentenced under a more recent amendment, where the accused party would be subjected to the conditions of La. R.S. 14:43.3(C)(2), which provides a term of imprisonment of not less than 25years and not more than 99 years.

Petitioner filed a Motion to Correct an Illegal and Excessive Sentence, which was denied by the Trial Court on November 4, 2015. [Rec. Doc. 5-7] In granting writs and remanding the matter to the trial court for re-sentencing, the Third Circuit held:

> Pursuant to Relator's May 23, 2012 plea of guilty to oral sexual battery for conduct occurring between June 1 and September 30, 2005, Relator understood he would receive a sentence of not less than twenty-five nor more than ninety-nine years' incarceration at hard labor with at least 25 years without benefit of probation, parole or suspension of sentence. The trial court ultimately imposed a sentence of twenty-five years at hard labor without benefits.
>
> Relator asserts his sentence is illegally excessive, as La. R.S. 14:43.3 provided for a ten year maximum sentence according to the law in effect at the time of his offense. The trial court previously acknowledged the merit of the claim, but nonetheless denied the motion because Relator bargained for his sentence and received a 'substantial benefit.' However, the receipt of a benefit does not permit the imposition of a sentence which exceeds that provided for by the applicable statute. Accordingly, this matter is remanded to the district court for re-sentencing in accordance with this ruling.

[Rec. Doc. 1-1, pp. 8-9 (internal citations omitted)]

The Louisiana Supreme Court granted petitioner's writ application and on April 24, 2017, held that "Because the plea agreement thereby provided for the imposition of an illegal sentence, the agreement is null and void." [Rec. Doc. 1-1, p. 11(internal quotations omitted.)] The Supreme Court vacated the conviction and sentence and order the parties be returned to *status quo ante*, remanding the matter to the trial court for further proceedings consistent with their order. Petitioner sought rehearing on the court's order, which was denied on September 22, 2017. [Rec. Doc. 1-1, p. 12]

Petitioner now asks this Court to reverse the decision of the Louisiana Supreme Court, reinstate the ruling of the Third Circuit Court of Appeal, and instruct the trial court to sentence him in accordance with the 2005 statute.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be

granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Abstention

Petitioner asks this Court to intervene in the state criminal proceedings by reversing the decision of the Louisiana Supreme Court and instructing the trial court to sentence him pursuant to the ruling of the Third Circuit Court of Appeal. The *Younger* Doctrine prohibits the type of intervention requested by plaintiff.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to intervene in state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a

4

pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49; *Trainor v. Hernandez,* 431 U.S. 434, 446 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984).

Plaintiff is clearly the subject of an "ongoing state judicial proceeding." Further, the State of Louisiana has an important state interest in the subject matter of the proceeding and Louisiana law affords plaintiff with ample and adequate opportunities to litigate his constitutional and statutory challenges both before and after conclusion of the proceedings.

Plaintiff has not established any grounds that would allow the Court to disregard abstention. Therefore, his request for injunctive relief, seeking the intervention of this Court into his on-going state court prosecution, should be dismissed as frivolous pursuant to the *Younger* Doctrine.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana November 28, 2017.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**